# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CHRISTEE THOMPSON STREETT

      Plaintiff,

v.                                        Case. No.   CV 16-189-MV-KBM

MANNY ORTIZ and JOHN CAMPBELL

      Defendants.

---

*Appearances:*

*For Plaintiff Christee Thomson Street*    *For Defendants:*
*Pro Se*    NO APPEARANCES ENTERED

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Plaintiff Christee Thomson Streett's July 28, 2016 Motion for Relief [Doc. 11] and August 4, 2016 Motion for a Temporary Restraining Order [Doc. 12].   Ms. Streett is representing herself *pro se*.

The Court, having considered the Motion, briefs, attached materials, relevant law, and being otherwise fully informed, finds that the Motion for Relief will be **DENIED without prejudice** and the Motion for a Temporary Restraining Order will be **DENIED.**

The Court further determines that this is a matter suitable for referral to a Magistrate Judge to conduct dispositive proceedings and will file a concurrent order so stating.

**BACKGROUND**

This case involves assertions by Ms. Streett that she is entitled to the property at 3424 & 3426 Vassar NE, Albuquerque, NM 87197 under various federal land patents and the Treaty of Guadalupe Hidalgo.

## I.   <u>Factual Background</u>

Ms. Streett claims to have title to the property listed at 3424 & 3426 Vassar NE, Albuquerque, NM 87197 descending from several federal land patents including Land Patent Nos. 444904 and 810106.   Doc. 1, Compl., at ¶¶ 1 & 11; Doc. 11, Mot. for Rel., at 3–4.   Ms. Streett also claims to have title to the property under the Treaty of Guadalupe Hidalgo.   Doc. 7, 1st Amend. Compl., at 9 ¶ 5.   Ms. Streett sent several cease and desist letters to what appears to be the current possessor of that land, Mr. Scott Harenberg, demanding that Mr. Harenberg return to her any rents received from the tenants on those properties.   *See, e.g.*, Doc. 12, App. for TRO, at 2–3. Mr. Harenberg is not a named party to this lawsuit.   Ms. Streett has also attached a *lis pendens* to the property to preserve her claim of title.   *See* Doc. 5, Notice of Lis Pendens.

Ms. Streett is representing herself *pro se*.   There is no indication that Ms. Streett has ever served any party or interested third-party with process in this case, including Mr. Harenberg or the named defendants.   To the best of this Court's ability to ascertain, none of Ms. Streett's filings have conformed to the District of New Mexico Local Rules or the Federal Rules of Civil Procedure, including Local Rules 7 through 15 and Federal Rules 5 through 15.   *See* D.N.M.LR-Civ. 7–15 (detailing, among other things, requirements for filing motions, pleadings, amended pleadings, and other documents); FED. R. CIV. P. 5–15 (detailing, among other things, requirements of service of process, filing motions, amending pleading, the proper purpose of motions, how to amend pleadings).

2

A<small>NALYSIS</small>

**I.       Ms. Streett's Motion for Relief**

On July 28, 2016, Ms. Streett filed a motion for relief in this case without certifying that the motion had been served on the defendants in this lawsuit.   Doc. 11, Mot. for Rel., at 1–4.   While Ms. Streett did enumerate the various forms of relief she was requesting, she did not provide any case law or legal reasoning explaining why she is entitled to relief.   *Id.*   Ms. Streett further did not provide specific, adequate facts that could assist the Court in determining that she was the lawful owner of the properties or that indicate that she is otherwise entitled to relief.   *Id.*   Instead she listed, through numbered paragraphs, a series of assertions about her case, such as "RELIEF – Return the properties back in my name . . . on all deeds by this ORDER.   Recognize and grant Claimant access to her private property Land Patent number 444904 decreed by the testimony of Woodrow Wilson, President of the United States of America . . . ."   *Id.* at 2 ¶ 5.

Local Rule 7.1 provides that a motion must "state with particularity the grounds and the relief sought."   D.N.M. LR-Civ. 7.1(a).   It also provides that a "motion, response, or reply must include a certificate of service on each party."   D.N.M. LR-Civ. 7.1(b).   Ms. Streett's motion did not state particular grounds for relief sought, including law supporting her relief or reasoning or analogy linking facts to the law.   *See* Doc. 11, Mot. for Rel., at 1–4.   Furthermore, Ms. Streett's motion did not indicate that she had ever served it on the parties against which she was requesting relief, and it appears that the party against whom she would like a TRO, Mr. Harenberg, is not a named party to this lawsuit.   *Id.*

It is well established that "[a] district court undoubtedly has discretion to sanction a party . . . for failing to comply with local or federal procedural rules," and "[s]uch sanctions may include dismissing the party's case with prejudice or entering judgment against the party."   *Issa v. Comp*

3

*USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (citation omitted).   A trial court has substantial discretion in choosing how to sanction a litigant for violating the local rules.   *Meade v. Grubbs*, 841 F.2d 1512, 1519 (10th Cir. 1988).   However, the Tenth Circuit applies greater scrutiny to sanctions imposed on *pro se* litigants.   *Meeker v. Rizley*, 324 F.2d 269, 271 (10th Cir. 1963).   In *Meeker*, the Tenth Circuit held that "[a]s a general proposition, the trial court has the inherent power to dismiss a plaintiff's action for failure to prosecute or to comply with the rules of federal procedure or any order of the court."   *Id.*; *see Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (same).   However, the Tenth Circuit in *Meeker* nevertheless overturned the dismissal of a *pro se* plaintiff's case when the plaintiff failed to show up at a scheduled pre-trial conference. *Meeker*, 324 F.2d at 271.

Here, the Court believes that a less serious sanction than courts applied in *Meeker*, *Reed*, *Meade*, and *Issa* is appropriate and chooses not to dismiss Ms. Streett's lawsuit in its entirety at this time.   Ms. Streett's motion will be denied without prejudice.   The Court strongly encourages Ms. Streett to review the Federal Rules of Civil Procedure, which are readily accessible by internet and are available for free at http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure (last accessed August 16, 2016), as well as the Local Rules of Civil Procedure for this Court, which are available at http://www.nmd.uscourts.gov/sites/nmd/files/local_rules/2014-December-01_Local%20Rules%20of%20Civil%20Procedure_Amended%2012.1.2014_0.pdf (last accessed August 17, 2016). Finally, the Court cautions Ms. Streett that as a matter of fairness and in compliance with these rules, Ms. Streett should not attempt to obtain relief from this Court without appropriately informing the parties that she is attempting to sue.

4

## II.     Ms. Streett's Requests for Ex Parte and Preliminary Relief

Ms. Streett has also moved for a temporary restraining order (TRO) in this case against Scott Harenberg, who is not named as a defendant in this action.   Doc. 12, TRO, at 1.   Under Rule 65(d) of the Federal Rules of Civil Procedure, Ms. Streett's request for a TRO is required to show that four conditions are met before the TRO can be granted: (1) irreparable harm if the injunction is not granted; (2) a substantial likelihood that Ms. Streett will prevail on the merits in this case; (3) the threatened injury to Ms. Streett outweighs possible harm to Mr. Harenberg if the injunction is granted; and (4) the injunction would not be contrary to the public interest.   *Thomas v. Carson*, 30 Fed. App'x. 770, 772 (10th Cir. 2002).   Further, Rule 65(d) allows a TRO to be issued *ex parte* only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the petitioner's "attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."   FED. R. CIV. P. 65(d).   As a threshold matter, Ms. Streett did not provide any explanation for why Mr. Harenberg should not be informed of Ms. Streett's TRO application or why Mr. Harenberg should not be heard on the matter.   This alone is sufficient to deny Ms. Streett's *ex parte* TRO application.

Ms. Streett's TRO application also fails on the merits.   First, the Court notes that Ms. Streett has already availed herself of a *lis pendens*, which should adequately protect any interest she has in the property during the duration of this proceeding.   *See* Doc. 5, Notice of Lis Pendens. Furthermore, here, like in her Motion for Relief, Ms. Streett has not alleged with particularity sufficient law or facts explaining why her application for a TRO should be granted.   *See generally* Doc. 12, App. for TRO, at 1–3.   Ms. Streett has alleged in support of her TRO that she is suffering financial damage because Mr. Harenberg is collecting rent from a property at 3424 &3426 Vassar

NE, Albuquerque, NM 87107 unlawfully.  *Id.* at 1.   However, Ms. Streett has not demonstrated why that harm would be irreparable without a TRO, has not shown that she is likely to prevail in this lawsuit, has not shown that Mr. Harenberg would not be harmed less than Ms. Streett by granting the TRO, or that the TRO would be in the public interest.  *See generally* Doc. 12, App. for TRO, at 1–3.   Because Ms. Streett has not satisfied the legal standard for granting a TRO, her application for a TRO must be denied.

CONCLUSION

**IT IS THEREFORE ORDERED** that Ms. Streett's Motion for Relief [Doc. 11] is **DENIED without prejudice**.  The Court advises Ms. Streett to retain an attorney, or, in the alternative, review the federal and local rules of civil procedure to determine how to proceed before this Court.   **IT IS FURTHER ORDERED** that Ms. Streett's Application for a Temporary Restraining Order [Doc. 12] is **DENIED**.

The Court further finds that this matter is suitable for disposition by a Magistrate Judge and will file a concurrent order of reference so stating.

Finally, the Court advises Ms. Streett that she must serve the defendants in this case with process, which means she must send them copies of what she is submitting to the Court, or her case will have to be dismissed under the law.   The Court also advises Ms. Streett that the Federal Rules of Civil Procedure are available for free on the internet at http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure (last accessed August 16, 2016) and the Local Rules of Civil Procedure are available online at http://www.nmd.uscourts.gov/sites/nmd/files/local_rules/2014-December-01_Local%20Rules%20of%20Civil%20Procedure_Amended%2012.1.2014_0.pdf (last accessed August 17, 2016).

DATED this 17th   day of August, 2016.

_____

MARTHA VAZQUEZ
United States District Judge